**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CONNIE DEVORE and CAROL DEVORE,

          Plaintiffs,

v.                                   CIVIL ACTION NO. 3:09-0640

C. R. BARD, INC.,

          Defendant.
_____

LORENNA HANKINS,

          Plaintiff,

v.                                   CIVIL ACTION NO. 3:09-0652

C. R. BARD, INC.,

          Defendant.
_____

KIM ROE and BERT ROE,

          Plaintiffs,

v.                                   CIVIL ACTION NO. 3:09-0653

C. R. BARD, INC.,

          Defendant.

SHERRY PERRY and JERRY PERRY,

        Plaintiffs,

v.                                       CIVIL ACTION NO. 3:09-0654

C. R. BARD, INC.,

        Defendant.
_____

TERESSA HAGER and
DAVID HAGER,

        Plaintiffs,

v.                                         CIVIL ACTION NO. 3:09-0655

C. R. BARD, INC.,

        Defendant.
_____

JANICE ROUSH,

        Plaintiff,

v.                                         CIVIL ACTION NO. 3:09-0656

C. R. BARD, INC.,

        Defendant.
_____

BONITA CAMPBELL and
JAMES CAMPBELL,

        Plaintiffs,

v.                                         CIVIL ACTION NO. 3:09-0683

C. R. BARD, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On November 9, 2009, the Court held a hearing on Plaintiffs' Motions to Amend the Complaint and Remand in each of the above-styled cases. Although these cases are not consolidated, they involve similar issues and the pending motions are substantially the same. Therefore, the Court finds it appropriate to rule upon the motions in a single Memorandum Opinion and Order and **DIRECTS** the Clerk to enter it in each case.

All the actions subject to the current motions were originally filed in the Circuit Court of Cabell County, West Virginia against Defendant C.R. Bard, Inc. Plaintiffs in these cases are all residents of Ohio and C.R. Bard is a New Jersey corporation with its principal place of business in New Jersey. The crux of the allegations in these actions is that C.R. Bard designed, manufactured, marketed, and sold a defective medical product that was implanted in each Plaintiff[1] during surgical procedures performed by Mitchell E. Nutt, M.D. at St. Mary's Medical Center located in Huntington, Cabell County, West Virginia. Defendant removed these actions to this Court based upon diversity of citizenship. Plaintiffs now seek to add Dr. Nutt, a resident of Ohio, as a Defendant to these actions and remand these actions back to state court. Defendant opposes the motion. For the following reasons, the Court agrees with Plaintiffs.

In these cases, Plaintiffs assert that, when they filed the original cases against C.R. Bard, they were unable to file their medical malpractice claims against Dr. Nutt because he had not

---

[1] Plaintiffs Carol DeVore, Bert Roe, Jerry Perry, David Hager, and James Campbell assert claims for loss of consortium.

yet been served with a notice of claim and certificate of merit as required by West Virginia law. *See* W. Va. Code § 55-7B-6(a) and (b).[2] As that process is now complete and Dr. Nutt has responded to the Notices of Claim, denying liability, Plaintiffs seek to amend their Complaints to add him to

---

[2]West Virginia Code § 55-7B-6(a) and (b) provide:

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

W. Va. Code § 55-7B-6(a) and (b).

these actions. C.R. Bard opposes the motion because the addition of Dr. Nutt will destroy diversity of citizenship, and C.R. Bard claims that Plaintiffs can adequately protect their rights by filing separate medical malpractice claim against Dr. Nutt in state court. Indeed, Plaintiffs already filed such actions in at least four of the cases involved here.[3] However, as indicated by Plaintiffs, they filed those actions out of an abundance of caution in the event this Court denies the pending motions.

When, after removal, a plaintiff seeks to add a nondiverse defendant, a court must begin its analysis under 28 U.S.C. § 1447(e). *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). This provision provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). As recognized by the Fourth Circuit in *Mayes*, "the actual decision on whether or not to permit joinder of a defendant under . . . [this section] is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis." *Mayes*, 198 F.3d at 462 (citing, in part, 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3739, at 445 (3d ed. 1998) ("Section 1447(e) gives the court more flexibility than a strict Rule 19 analysis")). In determining whether a non-diverse defendant should be permitted, a district court may "consider all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be

---

[3]Plaintiffs appear to have filed state actions against Dr. Nutt on behalf of DeVore, Hankins, Roe, and Campbell.

significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* (citations and internal quotation marks omitted).

In considering these factors, the Court finds that Plaintiffs are not adding Dr. Nutt merely to defeat federal jurisdiction. It is clear that Plaintiffs intended to sue Dr. Nutt from the outset of this litigation, but they could not file their actions against him until they fulfilled the pre-suit requirements under West Virginia law. For this same reason, the Court finds that Plaintiffs were not dilatory in seeking the amendments. After meeting the state statutory requirements, Plaintiffs assert they sought C.R. Bard's consent to amend the Complaints. When those efforts failed, Plaintiffs promptly filed the now pending motions.

The Court also finds that the equities of allowing the amendment weigh in favor of Plaintiffs. In his Responses to the Notices of Claim, Dr. Nutt assets he did not depart from the standard of care and any alleged injuries were proximately caused by C.R. Bard's product. In its Answers to Plaintiffs' initial Complaints, C.R. Bard claims that the alleged injuries are the result of negligence and the actions of others. It is certainly conceivable that C.R. Bard may attempt to attribute liability, if any, upon Dr. Nutt. Although C.R. Bard argues there is no prejudice to Plaintiffs to try the medical malpractice actions separately from the product liability actions, the Court agrees with Plaintiffs that it could result in inconsistent verdicts and substantial prejudice to them. For instance, if the factfinders in the two separate actions find the absent defendant liable for a plaintiff's injuries, the plaintiff will be unable to collect anything. Although the Court understands C.R. Bard's concerns about proceeding with these cases in state court while other cases remain in

federal court, the Court finds that these concerns are outweighed by the problems which may arise by requiring an individual plaintiff to bring separate actions against different defendants in separate courts when a common injury is alleged.

C.R. Bard next argues that, if the Court allows the amendment, then it should deem Dr. Nutt as a dispensable non-diverse party and sever Plaintiffs' claims against him and remand only those claims against Dr. Nutt to state court. Although the Court does not believe it need engage in a Rule 19 analysis under § 1447(e), even if the Court did conduct such analysis, it would find no reason to sever the claims for the aforementioned reasons.

Accordingly, for the foregoing reasons, the Court **GRANTS** Plaintiffs' Motions to Amend the Complaint and Remand and **REMANDS** these actions to the Circuit Court of Cabell County.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

                                        ENTER:      November 12, 2009

                                        ROBERT C. CHAMBERS
                                        UNITED STATES DISTRICT JUDGE